# EXHIBIT C

Filed
3/3/2020 3:39 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Salena Jasso

CAUSE NO. _20-DCV-271952_____

| | | |
|---|---|---|
| **JAMES HEITZENRATER AND** | § | **IN THE DISTRICT COURT OF** |
| **SHEREDITH HEITZENRATER** | § | |
| *Plaintiffs* | § | |
| | § | |
| **VS.** | § | **FORT BEND COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS, INC d/b/a** | § | |
| **STATE FARM MUTUAL** | § | |
| **AUTOMOBILE INSURANCE** | § | |
| **COMPANY, and SHUN ANDREWS** | § | Fort Bend County - 400th Judicial District Court |
| *Defendants* | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFFS' UNDERINSURED MOTORIST ORIGINAL PETITION, REQUESTS FOR DISCLOSURES, RULE 193.7 NOTICE, AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **James Heitzenrater** and **Sheredith Heitzenrater** (hereinafter referred to as "Plaintiffs") and file their Original Petition, Request for Disclosures, Rule 193.7 Notice, and Jury Demand in relation to **State Farm Lloyds, Inc. d/b/a State Farm Mutual Automobile Insurance Company** and **Shun Andrews** (hereinafter referred to as "Defendants" or "State Farm"). Plaintiffs James Heitzenrater and Sheredith Heitzenrater, for cause of action, would respectfully show as follows:

## I. DISCOVERY CONTROL PLAN

Plaintiffs hereby requests that discovery in this case be conducted pursuant to Texas Rule of Civil Procedure 190.3 (Level 2). Plaintiffs hereby request the Court to issue a Docket Control Order in accordance with a **Level 2 discovery plan**. If such be necessary, the parties will submit an Agreed Docket Control Order for the Court to sign.

## II. CLAIM FOR RELIEF

In accordance with Rule 47 of the Texas Rules of Civil Procedure, this is a claim for only monetary relief in a sum over $200,000.00 but not more than $1,000,000.00, including a demand for

judgment for all other relief to which Plaintiffs may show themselves to be entitled, including—but not limited to—damages of any kind, penalties, costs, expenses, pre-judgment interest, and post-judgment interest.  Plaintiffs further show that the Texas Rules of Civil Procedure require Plaintiffs only to set forth such amount in controversy, but the Jury/Trier-of-Fact is charged with such final determination. Plaintiffs do not intend, in any way, to take away or impugn the rights, duties, and/or obligations of the Jury/Trier-of-Fact by adhering to the requirements delineated in Rule 47 of the Texas Rules of Civil Procedure.

### III. PARTIES

Plaintiff, James Heitzenrater is a resident of Fort Bend County, Texas.

Plaintiff Sheredith Heitzenrater is a resident of Fort Bend County, Texas.

Defendant, **State Farm Lloyds, Inc.** d/b/a **State Farm Mutual Automobile Insurance Company** is a domestic, for-profit corporation doing business in the State of Texas (a business which has purposefully availed itself to Texas by conducting business within the State) who has designated the following as its Registered Agent for service of process: **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company**, **211 E. 7th Street, Suite 620, Austin, Texas 78701**. Service is requested at this time.

Defendant, **Shun Andrews** is the driver of the vehicle which collided with Plaintiffs' vehicle.  She can be served with process pursuant to Texas Rules of Civil Procedure 106(a) and 108 by delivering to her, in person, a true copy of the Citation and this Petition at her place of residence, ███████████████████████████. **Service is not requested at this time**.

### IV. JURISDICTION & VENUE

This Court has jurisdiction in this lawsuit since the damages to Plaintiffs are within the jurisdictional limits of this Court. Further, jurisdiction over the Defendants is proper under Tex. Civ. Prac. & Rem. Code § 17.042(2) as Defendants committed a tort in Fort Bend County.

All or a substantial part of the events or omissions giving rise to Plaintiffs' causes of action occurred in Fort Bend County, Texas. Therefore, venue is proper pursuant to §§15.001 and 15.002(a)(1) of the Texas Civil Practice & Remedies Code. More specifically, Plaintiffs signed an insurance policy with State Farm Mutual Automobile Insurance Company in Fort Bend County, Texas, a policy which was supposed to provide Underinsured Motorist protection.

All conditions precedent, if necessary, have occurred.

Nothing Plaintiffs did caused or contributed to this occurrence.

## V. FACTS

On or around May 30, 2016, Plaintiff James Heitzenrater was driving his vehicle in Bay County, Florida. Plaintiff James Heitzenrater was traveling eastbound on State Road 20, approaching the intersection with State Road 75. Defendant Shun Andrews was travelling southbound on State Road 75. With the right of way, Mr. Heitzenrater proceeded into the intersection with State Road 75. Defendant Shun Andrews failed to stop her vehicle at the red traffic light and merged into the intersection in front of Mr. Heitzenrater. Mr. Heitzenrater's vehicle collided with Defendant Shun Andrews' vehicle at speed, causing Mr. Heitzenrater to be forcefully thrown forward.

Defendant Shun Andrews was issued two citations for this incident by Trooper B.M. Wagner of the Florida Highway Patrol for running the red light (Citation #A6908NE) and for lack of child safety restraint device (Citation #A6908OE).

As a proximate result of the accident, Mr. Heitzenrater suffered severe injuries and damages. Defendant Shun Andrews (through Century National Insurance Company) was underinsured at the time of the accident (the applicable policy limits were previously tendered). As intended by Plaintiffs' Underinsured Motorist Policy through Defendant State Farm, Defendant State Farm owes Mr. Heitzenrater the amount of the Underinsured Motorist Policy, if not more.

## VI. NEGLIGENCE OF DEFENDANTS

Pleading further and/or in the alternative, the above described accident was proximately caused by the negligence of Defendants in one or more of the following particulars:

- o   Failure to pay proper attention while operating a motor-vehicle on a public roadway;

- o   Failure to adhere to a traffic control device by making a complete stop;

- o   Disregarding a red-light and not stopping at a clearly marked stop line;

- o   Failure to control speed of vehicle;

- o   Failure to control operation of vehicle;

- o   Failure to operate vehicle in a safe manner;

- o   Failure to operate the vehicle as a person of ordinary prudence would have under the same or similar circumstance;

- o   Failure to operate at a safe and reasonable speed; and

- o   Failing to avoid a collision, among other things.

Pleading further and/or in addition, the actions and/or omissions of Defendant Shun Andrews were in violation of the Florida Traffic Code and such actions and/or omissions constitute negligence (and negligent *per se*) which proximately resulted in the accident made the basis of this suit. Such violations include but are not limited to:

1.   Violating **Florida Uniform Traffic Control Code § 316.613 (West)** by failing to provide a child restraint device while transporting a child in the vehicle 5 years of age or younger.

2.   Violating **Florida Uniform Traffic Control Code § 316.074(1) (West)** by failing to obey a traffic control signal.

Each of the foregoing acts and/or omissions taken together or individually constitutes negligence (and negligence *per se*) and each proximately caused the incident and the injuries and

damages sustained by Plaintiffs. Moreover, Defendant Shun Andrews' violation(s) of the Florida Traffic Control Code, as set out above, constitutes negligence as a matter of law.

One, some, or all of the foregoing acts and/or omissions on the part of Defendants constitutes negligence and negligence *per se*, and such negligence was a proximate cause of the occurrence of the injuries and damages of Plaintiffs.  Plaintiffs would further show that the harm, damage, and injuries suffered are of the types of harm which the above-referenced statutes were intended to prevent. Plaintiffs would also show that they are members of the class of persons for which the statutes referenced above were enacted to protect.

## VII. UNDERINSURED MOTORIST POLICY WITH STATE FARM

Plaintiffs would show that they are an insured and/or beneficiary of coverage purchased and obtained from and for which premiums were paid to **Defendant State Farm** by Plaintiffs. **Defendant State Farm** issued an insurance policy, reported to be policy #████████. The contract and/or its terms, in whole or in part, were to be performed in Fort Bend County, Texas.

Notice of the accident and Mr. Heitzenrater's injuries were provided to **Defendant State Farm** after the accident, in accordance with the terms and conditions of Plaintiffs' insurance policy through **Defendant State Farm**.

**Defendant State Farm** opened a claim file bearing claim number ████████. Notice of the insufficient limits of such coverage amounts was later provided to **Defendant State Farm**, well within the statute of limitations. Therefore, **Defendant State Farm** had actual notice of its insured's request to utilize his underinsured insurance policy.

Further, copies of Mr. Heitzenrater's medical, records, patient account charges, and evidence regarding the lack of insurance coverage maintained by **Defendant Shun Andrews**, were provided for evaluation and review to **Defendant State Farm**. Unfortunately, **Defendant State Farm** failed to heed the demand and requests, has opted to disregard the claim, and has opted to

offer less and/or evaluate Mr. Heitzenrater's claims in a manner that a reasonably prudent insure in Texas would do, each of which is required pursuant to Plaintiffs' insurance policy with **Defendant State Farm**.

### VIII. BREACH OF CONTRACT AND BAD FAITH INSURANCE PRACTICES

Plaintiffs would further show that **Defendant State Farm** was provided written notice advising of the complaints and damages incurred by Plaintiffs, the absence and/or insufficiency of coverage available by and/or through **Defendant Shun Andrews**, their entitlement to receipt of benefits by and through the uninsured and/or underinsured motorist insurance coverage and/or, in the alternative, claims of breach of contract, and violations for Bad Faith Insurance Practices pursuant to Article 541 and Article 542 et seq., of the Insurance Code of the State of Texas committed by **Defendant State Farm**.

Regardless, **Defendant State Farm** has unreasonably and/or unjustifiably failed, refused, and/or intentionally, knowingly, and/or wrongfully failed to pay the benefits of the insurance policy to which Plaintiffs are rightfully entitled.

As a result of their actions, omissions, and/or conduct, **Defendant State Farm** is liable to Plaintiffs for actual and additional damages, inclusive of, but not limited to, exemplary damages as provided by law and in a sum within the jurisdictional limits of the Court.

Pleading further, the cause and/or causes of the incident made the basis of this suit are continuing to be investigated and Plaintiffs reserve the right to amend their pleadings to incorporate new and/or additional allegations of negligence and/or fault as is discovered or made known.

### IX. DAMAGES

As a direct and proximate result of Defendants' negligence (and negligence *per se*), Plaintiffs suffered severe physical pain and suffering (in the past and, in all reasonable probability, in the future), mental anguish (in the past and, in all reasonable probability, in the future), physical

impairment (in the past and, in all reasonable probability, in the future), and disfigurement (in the past and, in all reasonable probability, in the future). Furthermore, Plaintiffs incurred reasonable and necessary medical, hospital, pharmaceutical, and/or chiropractic expenses in the past, and in all reasonable medical probability, will incur such charges in the future. Plaintiffs have also suffered economic loss and property damage as a proximate result of Defendants' negligence.

Furthermore, Plaintiff Sheredith Heitzenrater suffered a loss of consortium, loss of support, loss of solace, loss of companionship, loss of sexual relations, loss of emotion support, loss of past earnings, loss of future earning capacity, and a loss of love.

## X. ATTORNEY'S FEES AND EXPENSES

Pleading further, Plaintiffs would show that as a result of the actions, omissions, and/or the conduct of **Defendant State Farm**, Plaintiffs have been forced to employ the attorney whose name appears on this pleading for the purpose of prosecution and collection of their entitled insurance benefits.  Plaintiffs are, therefore, entitled to recover their reasonable and necessary attorney's fees from **Defendant State Farm**.

## XI. JURY DEMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs respectfully request and demand a trial by jury. The appropriate jury fee will be tendered after the filing of this pleading.

## XII. REQUEST FOR DISCLOSURES

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, request is made that Defendants disclose, within fifty (50) days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2 (a)-(l).  Accordingly, Defendants must serve written responses to this Request for Disclosures to Plaintiffs' counsel within fifty (50) days after the service of this request.  Failure to timely respond shall constitute an abuse of discovery pursuant to Texas Rule of Civil Procedure 215.

## XIII. RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give actual notice to Defendants that any and all documents produced may be used against at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Defendants be cited to appear and answer, and that on final trial, Plaintiffs have the following:

1.) judgment against Defendants for the above-referenced damages, which are an amount within the jurisdictional limits of the Court;

2.) pre-judgment interest as provided by law;

3.) post-judgment interest as provided by law;

4.) Court costs; and

5.) Such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully Submitted,

**ROSEN & KOVACH, PLLC**

 _/s/ John T. Kovach_
John T. Kovach
State Bar Number: 24084738
214 Morton Street
Richmond, Texas 77469
Telephone: (281) 232-0505
Facsimile: (281) 232-8379
Email: john@rosenkovach.com

**ATTORNEY FOR PLAINTIFFS,
JAMES HEITZENRATER AND
SHEREDITH HEITZENRATER**